[648 NYS2d 440]

In the Matter of ROBERT SYLVOR, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 15, 1996

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Michael S. Feldberg* of counsel *(Schulte Roth & Zabel,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Robert Sylvor was admitted to the practice of law in the State of New York by the First Judicial Department on June 20, 1961 and at all times relevant to this proceeding

has maintained an office for the practice of law within this Department.

In April 1993, the Disciplinary Committee filed an amended petition seeking an order finding respondent guilty of professional misconduct pursuant to the doctrine of collateral estoppel and arising from his conduct that was the subject of two Federal court civil lawsuits (*Duttle v Bandler & Kass, Sylvor & Werner,* 127 FRD 46; *Freschi v Grand Coal Venture,* 767 F2d 1041, *vacated on other grounds* 478 US 1015). By order entered September 22, 1993, this Court granted the amended petition only with respect to the *Freschi* matter, in which respondent was found to have engaged in securities fraud and common-law fraud, and ordered that any hearing on the issue of sanction for respondent's misconduct in *Freschi* be held in abeyance pending further proceedings arising out of respondent's conduct in the *Duttle* action, in which respondent was alleged to have participated in a conspiracy with others to defraud certain foreign investors through the marketing and sale of certain securities abroad.

After hearings regarding respondent's conduct with respect to the *Duttle* matter, the Hearing Panel issued a decision dismissing all charges of professional misconduct arising from respondent's conduct in *Duttle.*

Thereafter, on January 22, 1996, the parties entered into a stipulation in which they consented to the imposition of a public censure with respect to respondent's conduct in the *Freschi* matter and further consented to consider the *Duttle* matter closed. By a Report and Recommendation dated March 15, 1996, the Hearing Panel recommended that the stipulation be approved and independently concluded that the sanction of public censure is appropriate under the circumstances of the case.

Initially, the provision in the stipulation that the *Duttle* matter be considered closed is proper, since the Hearing Panel conducted extensive hearings with respect to that matter and concluded in a thorough report, which was not challenged by the Disciplinary Committee, that the charges of professional misconduct had not been sustained.

With respect to the *Freschi* matter, as the Hearing Panel noted, while respondent is collaterally estopped from challenging the jury's verdict of securities fraud, it cannot be determined from the verdict whether the jury found that respondent had engaged in reckless behavior or had committed a deliberate fraud, and, in view of the fact that the events took

place more than 17 years ago, further litigation would not necessarily clarify the issues. Moreover, respondent has had no disciplinary problems since the 1978-1980 period, when the events in the *Duttle* and *Freschi* matters occurred.

Accordingly, the Committee's motion to confirm the Hearing Panel's report should be granted and the recommended sanction of public censure should be imposed.

SULLIVAN, J. P., MILONAS, ELLERIN, ROSS and TOM, JJ., concur.

Petition granted and respondent is publicly censured.